## Case No. 12,255.

### Ex parte SALLEE.

[See Case No. 12,256.]

---

## Case No. 12,256.

### In re SALLEE.

[2 N. B. R. 228 (Quarto, 78); 2 Am. Law T. Rep. Bankr. 7; 1 Gaz. 78.] [1]

District Court, D. Kentucky. 1868.

BANKRUPTCY—JUDGMENT IN FAVOR OF BANKRUPT —SCHEDULE OF PROPERTY.

1. Where judgment should be set forth in schedule of bankrupt's property.

2. A judgment in favor of a bankrupt should be set forth in Schedule B, No. 2, under letter b. A bankrupt in preparing Schedule B, No. 2, is not restricted to the letters therein printed. He may exhaust the alphabet if he chooses, and then use other marks, if necessary, to describe his personal property accurately or lucidly.

In this case the register, John W. Tuttle, certifies for decision by the court the question "whether a judgment should be set forth on Schedule B, No. 2 or 3." The register expresses the opinion that B, No. 2, letter b, is the proper place, and as the attorney for the bankrupt insisted otherwise, at his request the question is certified for decision.

It does not clearly appear, from the certificate, whether the "judgment" referred to is in favor of the bankrupt or against him; but assuming that it is in his favor, I am of the opinion that the register is clearly right.

Judgments are in one sense "choses in action," but in the sense of the Schedule B, No. 2, they are "personal property," and are not "unliquidated claims," within the meaning of Schedule B, No. 3, letter d.

Judgments, therefore, in favor of the bankrupt, should be set forth in Schedule B, No. 2, under letter b. It would also, I think, not be improper to set them forth in that schedule under letter m. The bankrupt, in preparing Schedule B, No. 2, is not restricted to the letters therein printed. He may ex-

[1] [Reprinted from 2 N. B. R. 228 (Quarto, 78), by permission. 2 Am. Law T. Rep. Bankr. 7, contains only a partial report.]

haust the alphabet, if he chooses, and then use other marks, if he can thereby describe his "personal property" accurately or lucidly.